IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


DARRELL DORTCH,                            :

        Plaintiff,               :   Case No. 3:07cv095

  vs.                                     :   JUDGE WALTER HERBERT RICE

COMMISSIONER OF SOCIAL SECURITY,   :

        Defendant.                :

---

DECISION AND ENTRY REJECTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #12) IN THEIR ENTIRETY; PLAINTIFF'S OBJECTIONS TO SAID JUDICIAL FILING (DOC. #13) OVERRULED; JUDGMENT TO BE ENTERED, PURSUANT TO THE FOURTH SENTENCE OF 42 U.S.C. § 405(g), IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT COMMISSIONER, REVERSING AND VACATING COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT, AND REMANDING THE CAPTIONED CAUSE TO THE DEFENDANT COMMISSIONER FOR FURTHER ADMINISTRATIVE PROCEEDINGS; TERMINATION ENTRY

---

    Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Commissioner denying Plaintiff's application for Social Security disability benefits.  On December 5, 2007, the United States Magistrate Judge filed a Report and Recommendations (Doc. #12), recommending that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act be affirmed.  Based upon a thorough de

novo review of this Court's file, including the Administrative Transcript (filed with Defendant's Answer at Doc. #5, although not entered on the docket until March 6, 2007), and a thorough review of the applicable law, this Court rejects the aforesaid Report and Recommendations in their entirety and, in so doing, orders the entry of judgment in favor of the Plaintiff and against the Defendant Commissioner, pursuant to the Fourth Sentence of 42 U.S.C. § 405(g), reversing and vacating the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act, concluding that the Commissioner's decision of non-disability was not supported by substantial evidence, and remanding the captioned cause to the Defendant Commissioner for further proceedings set forth herein. The Plaintiff's Objections to said judicial filing (Doc. #13), to the extent he seeks a remand for the payment of benefits, are overruled. Accordingly, the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act, is reversed, vacated and remanded.

In reviewing the Commissioner's decision, the Magistrate's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a de novo review of those recommendations of the report to which objection is made. This de novo review, in turn, requires this Court to re-examine all the relevant

evidence, previously reviewed by the Magistrate, to determine whether the findings of the Secretary [now Commissioner] are supported by "substantial evidence." Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983); Gibson v. Secretary of Health, Education and Welfare, 678 F.2d 653, 654 (6th Cir. 1982).  This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision.  The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), citing Consolidated Edison Company v. NLRB, 305 U.S. 197, 229 (1938); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986).  Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Richardson, supra, at 401; Ellis v. Schweicker, 739 F.2d 245, 248 (6th Cir. 1984).  Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the Commissioner if this case were being tried to a jury.  Foster v. Bowen, 853 F.2d 483, 486 (6th Cir. 1988); NLRB v. Columbian Enameling and Stamping Company, 306 U.S. 292, 300 (1939).  To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established… [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury."

LeMaster v. Secretary of Health and Human Services, 802 F.2d 839, 840 (6th Cir. 1986), quoting NLRB v. Columbian Enameling and Stamping Company, supra.

In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole.  Hephner v. Mathews, 574 F.2d 359 (6th Cir. 1978); Ellis, supra; Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 536 (6th Cir. 1981); Houston v. Secretary of Health and Human Services, 736 F.2d 365 (6th Cir. 1984); Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984).  However, the Court may not try the case de novo, resolve conflicts in evidence or decide questions of credibility.  Garner, supra.  The findings of the Commissioner of Social Security and proceedings on Claimant's application for social security disability benefits are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.  Buxton v. Halter, Commissioner of Social Security, 246 F.3d 762 (6th Cir. 2001).   If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the Court as a trier of fact would have arrived at a different conclusion.  Elkins v. Secretary of Health and Human Services, 658 F.2d 437, 439 (6th Cir. 1981).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. This Court agrees with the Magistrate Judge that, in determining Plaintiff's residual functional capacity, the Administrative Law Judge had an adequate basis for rejecting the opinions of Drs. Robbins, Foley, Thompson and Nwokoro.  Moreover, this Court agrees with the Magistrate Judge that substantial evidence supported the Administrative Law Judge's giving of significant weight to the findings and opinion, with one exception, of Dr. Koppenhoefer.

2. The one exception noted above is the hearing officer's rejecting of Dr. Koppenhoefer's opinion with regard to Plaintiff's limited ability to stand and walk.  While both the hearing officer and the Magistrate Judge seemed to bottom said rejection on the ground that there was no objective evidence to explain why Plaintiff used a cane, this Court cannot understand the significance of that observation.  Whether Plaintiff did or did not use a cane is, in this Court's opinion, immaterial to whether the Administrative Law Judge had substantial evidence upon which to reject the portion of Dr. Koppenhoefer's opinion and findings which, while indicating that Plaintiff could stand and/or walk six hours total in an eight hour work day, he could do so without interruption for one hour.  This Court cannot conclude that the above-referenced material provides substantial evidence upon which to reject Dr. Koppenhoefer's opinion with regard to Plaintiff's limited ability to stand and walk, for the reason that this Court cannot understand the meaning of the

answer with regard to Plaintiff's ability to stand and/or walk for one hour without interruption.  For example, does this language means that, after an hour of standing and/or walking, the Plaintiff needs to sit down for a moment or two before resuming prior activity, certainly no different a pattern than that engaged in by the healthiest among us, a state of affairs that would hardly disqualify him from the number of available jobs found by the Administrative Law Judge or, in the alternative, does the language mean that, after an hour of standing and/or walking, the Plaintiff has to be off his feet for 30 minutes or longer, resting, so that he can, once again, resume his prior activities, a state of affairs that would disqualify him from a world of work?

       3.    The different interpretations that can be given to Dr. Koppenhoefer's opinion with respect to Plaintiff's limited ability to stand and walk, have a radically different consequence, insofar as the Defendant's entitlement to disability benefits is concerned.  Further, given that the rejection of this opinion with respect to Plaintiff's limited ability to stand and walk was crucial in the Administrative Law Judge's finding of non-disability, with which the Magistrate Judge concurred, it is clear that all essential factual issues have not been resolved that the record does not adequately establish Plaintiff's entitlement to benefits.  <u>Faucher v. Secretary of Health and Human Services</u>, 17 F.3d 171, 176 (6th Cir. 1994).

WHEREFORE, based upon the aforesaid, this Court rejects the Report and Recommendations of the United States Magistrate Judge (Doc. #12) in their entirety, having concluded that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was not supported by substantial evidence.  Plaintiff's Objections to said judicial filing (Doc. #13), to the extent they seek a remand for the payment of benefits, are overruled.  Judgment will be ordered entered in favor of the Plaintiff and against Defendant Commissioner, pursuant to Sentence Four of 42 U.S.C. § 405(g), reversing and vacating the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act, and remanding the captioned cause for further proceedings, including but not limited to, the following:

1. To determine exactly what Dr. Koppenhoefer meant by his statement, in the form provided by the Ohio Rehabilitations Services Commission, Bureau of Disability Determination, Tr. at 256, that, while Plaintiff can stand and/or walk for a total of six hours in an eight-hour work day, he can do so without interruption for one hour.  Once Dr. Koppenhoefer's meaning is discerned, the Administrative Law Judge is directed to convene another hearing in order to put a hypothetical question to the Vocational Expert with Dr. Koppenhoefer's explanation included therein, in order to discharge the Defendant Commissioner's responsibility at Step Five.

    2.    To take the additional evidence from Drs. Robbins, Thompson, Foley and Nwokoro, which were not part of the record for purposes of substantial evidence review of his decision, and to consider that additional information on the question of whether Plaintiff was disabled, within the meaning of the Social Security Act, and, therefore, entitled to benefits for the period in question.

    3.    To do any and all things deemed necessary to determine Plaintiff's eligibility for disability benefits during the period in question.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

March 7, 2008                      /s/ Walter Herbert Rice
                                        WALTER HERBERT RICE, JUDGE
                                        UNITED STATES DISTRICT COURT

Copies to:

Carla J. Lauer, Esq.
John J. Stark, Esq.
Kathryn A. Beverly, Esq.